**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DEBORAH PORTER CAHILL,

    Plaintiff,

v.                                       Case No. 3:25-cv-1494-MMH-PDB

CITY OF JACKSONVILLE, et al.,

    Defendants.
_____/

**O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Response in Opposition to Defendants' Motion to Dismiss (Doc. 16; Response), filed January 5, 2026. In the Response, Deborah Porter Cahill, in addition to asserting that Defendants' Motion to Dismiss and Supporting Memorandum of Law (Doc. 13; Motion), filed December 19, 2025, is due to be denied, alternatively requests leave to amend her complaint in the event that "any defect exist[s.]" See Response at 12. Preliminarily, the Court notes that a request for affirmative relief, such as a request for leave to amend a pleading, is not properly made when simply included in a response to a motion. See Fed. R. Civ. P. 7(b); see also Rosenberg v. Gould, 554 F.3d 962, 965 (11th Cir. 2009) ("Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum,

the issue has not been raised properly." (quoting Posner v. Essex Ins. Co., 178 F.3d 1209, 1222 (11th Cir. 1999))).

Moreover, even if it were proper to include this request in the Response, the request is otherwise due to be denied for failure to comply with Local Rules 3.01(b) and 3.01(g), United States District Court, Middle District of Florida (Local Rule(s)). Local Rule 3.01(b) requires a memorandum of legal authority in support of a request from the Court. See Local Rule 3.01(b).[1] Local Rule 3.01(g) requires certification that the moving party has conferred with opposing counsel in a good faith effort to resolve the issue raised by the motion and advising the Court whether opposing counsel agrees to the relief requested. See Local Rule 3.01(g). In addition to these deficiencies under the Local Rules, the request in the Response also fails to satisfy the requirement that "[a] motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999); see also McGinley v. Fla. Dep't of Highway Safety and Motor Vehicles, 438 F. App'x 754, 757 (11th Cir. 2011) (affirming denial of leave to amend where plaintiff did not set forth the substance of the proposed amendment); United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1361–62 (11th Cir. 2006) (same). For all of these reasons, the Court will not entertain

---

[1] Cahill's indication that she requests leave pursuant to Rule 15(a)(2), Federal Rules of Civil Procedure, because leave to amend should be "freely given" does not constitute a memorandum of legal authority. See Response at 12.

Cahill's request for relief included in the Response. Cahill is advised that, if she wishes to pursue such relief, she is required to file an appropriate motion, in accordance with the Federal Rules of Civil Procedure and the Local Rules.

Last, the Court notes that the Response does not comply with the typography requirements of the Local Rules because Cahill does not always use a permissible font. See Local Rule 1.08(a)–(b); see, e.g., Response at 2–4, 7–8. The main text of filings in this Court must appear in either fourteen-point Times New Roman font or thirteen-point Book Antiqua, Calisto MT, Century Schoolbook, Georgia, or Palatino font. Local Rule 1.08(a)–(b). And footnotes must appear in either twelve-point Times New Roman font or eleven-point Book Antiqua, Calisto MT, Century Schoolbook, Georgia, or Palatino font. See Local Rule 1.08(a)–(b). Cahill is cautioned that she must comply with the Court's Local Rules in all future filings. Failure to do so may result in the striking of the filing or the imposition of sanctions.

Accordingly, it is

**ORDERED**:

To the extent that she requests affirmative relief from the Court, Plaintiff's Response in Opposition to Defendants' Motion to Dismiss (Doc. 16) is **DENIED without prejudice**.

**DONE AND ORDERED** in Jacksonville, Florida, this 9th day of January, 2026.

MARCIA MORALES HOWARD
United States District Judge

lc36
Copies to:

Counsel of Record
Pro Se Party

4