**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DEBORAH PORTER CAHILL,

      Plaintiff,

v.                                                                  Case No. 3:25-cv-1494-MMH-PDB

CITY OF JACKSONVILLE, et al.,

      Defendants.

                                /

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Motion to Remand to State Court (Doc. 11; Motion), filed December 17, 2025. The City of Jacksonville, Ellyn Cavin, and Mike Gay timely filed Defendants' Response to Motion to Remand (Doc. 14; Response), filed December 31, 2025.[1] Accordingly, this matter is ripe for review.

## I.    Background

On September 9, 2025, Deborah Porter Cahill, proceeding pro se, initiated this action in the Circuit Court for the Fourth Judicial Circuit, in and for Duval County, Florida, by filing a complaint (Doc. 5; Complaint) against the City of

---

[1] In the Response, the City, Cavin, and Gay (Defendants) state that they only file the Response on their behalf, not on behalf of the other two defendants in this action—the Jacksonville Sheriff's Office and Josh Underwood. See Response at 1 n.1.

Jacksonville, Ellyn Cavin, Mike Gay, the Jacksonville Sheriff's Office (JSO), and Josh Underwood. See generally Complaint. According to the factual allegations in the Complaint, this action arises from a property dispute. See generally id. Cahill alleges that JSO officers and workers destroyed a fence, a mailbox, surveillance cameras, and landscaping located on her property and an adjoining parcel. See id. ¶ 9. She also alleges that the officers gave her six citations for violations of local ordinances, even though they did not enforce the same rules against her neighbors. See id. ¶ 11. In the Complaint, Cahill brings four claims under 42 U.S.C. § 1983 (Section 1983)—for violations of her Fifth, Eighth, and Fourteenth Amendment rights—and eight state law claims—for trespass, conversion, intentional infliction of emotional distress, harassment, abuse of process, and violations of her rights under the Florida Constitution. See id. at 6–9.[2]

On November 17, 2025, Gay was served with the summons and Complaint. Notice of Removal (Doc. 1; Notice) ¶ 3. And, on December 5, 2025, Defendants timely removed the action to this Court. See Notice at 5. In the Notice, Defendants assert that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. See id. ¶ 12. They represent that, on the face of the Complaint, Cahill presents federal claims under Section 1983 and the U.S.

---

[2] Cahill also requests punitive damages under Section 1983 and Florida Statute section 768.72. See Complaint at 7.

Constitution. See id. ¶¶ 4–5, 8–9, 11. Cahill disagrees, and, as such, on December 17, 2025, filed the Motion seeking remand. See generally Motion. In the Motion, Cahill argues that the Court should remand this case to state court because she "asserts only state-law tort claims for property damage, with no reference to federal [or] . . . constitutional rights under color of state law[.]" Id. at 5. Because "all parties are Florida citizens[,]" Cahill explains, the Court lacks diversity jurisdiction, and removal was inappropriate. See id. Additionally, Cahill asserts that removal was procedurally flawed because Defendants did not "include a full copy of the state court docket and exhibits[]" in violation of 28 U.S.C. § 1446(a) and Local Rule 1.06(b), Middle District of Florida, Local Rules (Local Rule(s)). See id. at 6. Without the full docket, Cahill argues, she lacks "essential evidence supporting the state-law nature of" her claims. See id. Cahill also requests costs and fees because removal was "based on a strained federal question reading of unambiguous state claims[.]" Id. In the Response, Defendants argue that Cahill "unequivocally brings claims under" federal law because "four of the counts in the Complaint specifically reference" the U.S. Constitution and Section 1983. See Response at 2–3. Defendants also assert that "the exhibits that were intended to be attached to the Complaint were not filed on the state court docket but were instead given to the Clerk via a thumb drive[,]" meaning that "none of the . . . exhibits [Cahill appears to claim they excluded] are available through the state court docket." Id. at 3–4.

- 3 -

## II.    Legal Standard

A defendant may remove a case from a state court to federal court if the federal district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). Original jurisdiction exists where a federal district court has "at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." PTA-FLA, Inc. v. ZTE USA, Inc., 844 F.3d 1299, 1305 (11th Cir. 2016) (quoting Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997)). Notably, when a defendant removes an action to federal court, the defendant bears the burden of establishing that the court has subject matter jurisdiction. Conn. State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1343 (11th Cir. 2009) (citing Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998)). And, in assessing whether a defendant has met this burden, "all doubts about jurisdiction should be resolved in favor of remand to state court." City of Vestavia Hills v. Gen. Fid. Ins. Co., 676 F.3d 1310, 1313 (11th Cir. 2012) (quoting Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999)). In the Notice, Defendants seek to invoke the Court's federal question jurisdiction under § 1331. See Notice ¶ 12. This statute provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." See 28 U.S.C. § 1331.

Generally, "a case arises under federal law" for the purposes of 28 U.S.C. § 1331 "if federal law creates the cause of action[.]" Pacheco de Perez, 139 F.3d at 1373 (internal quotation omitted). In determining whether a claim arises under federal law, the Court is guided by the "well-pleaded complaint rule." Aetna Health Inc. v. Davila, 542 U.S. 200, 207 (2004) (internal quotation omitted) (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal., 463 U.S. 1, 9 (1983)). That rule demands that a federal question appear on the face of the plaintiff's well-pleaded complaint. Gully v. First Nat'l Bank, 299 U.S. 109, 113 (1936); see also Kemp v. Int'l Bus. Mach. Corp., 109 F.3d 708, 712 (11th Cir. 1997) ("A case does not arise under federal law unless a federal question is presented on the face of plaintiff's complaint." (citing Franchise Tax Bd., 463 U.S. at 10)). To meet the burden of establishing the existence of proper federal jurisdiction, the removing "defendants must show that the plaintiff['s] complaint, as it existed at the time of removal, provides an adequate basis for the exercise of federal jurisdiction." Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1295 (11th Cir. 2008); see also Ehlen Floor Covering, Inc. v. Lamb, 660 F.3d 1283, 1287 (11th Cir. 2011).

## III. Discussion

Having reviewed the Complaint, the arguments, and the applicable law, the Court finds that remand is not warranted. In the Complaint, Cahill plainly brings four federal claims pursuant to Section 1983 for violations of her

constitutional rights. See Complaint at 6, 8–9. Specifically, she claims that the various named defendants "deprived [her] of her property interest in the [f]ence, landscaping, and easement without due process, in violation of the Fourteenth Amendment to the U.S. Constitution (via 42 U.S.C. § 1983)[,]" id. at 6 (emphasis omitted); "selectively enforced [c]ity ordinances and state statutes against [her] . . . without rational basis, violating equal protection under the Fourteenth Amendment (42 U.S.C. § 1983)[,]" id. (emphasis omitted); imposed excessive fines on her in violation of "[t]he Eighth Amendment, applicable through the Fourteenth Amendment and enforceable via 42 U.S.C. § 1983," id. at 8 (emphasis omitted); and "effectuated a taking of [her] easement and property without compensation, violating the Fifth Amendment (via 42 U.S.C. § 1983)[,]" id. at 9 (emphasis omitted). Federal law unequivocally "creates the cause[s] of action[]" that Cahill brings. Pacheco de Perez, 139 F.3d at 1373. Therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and remand is unwarranted.

Additionally, Cahill's argument that the action should be remanded because Defendants failed to attach certain state court documents and exhibits is meritless. The omission of documents from the state court record may be procedurally incorrect, but it does not affect the propriety of the removal. FDIC v. N. Savannah Props., LLC, 686 F.3d 1254, 1257 n.1 (11th Cir. 2012). Indeed, courts in this circuit have repeatedly held that "procedural defects, including

- 6 -

the omission of state court filings from the notice of removal, will not defeat an otherwise proper removal." Alum Fund, LLC v. Greater Nev. Credit Union, No. 2:23-cv-1159-JLB-KCD, 2024 WL 260989, at *1 (M.D. Fla. Jan. 24, 2024) (collecting cases).[3] But, nonetheless, it appears that Defendants fully complied with 28 U.S.C. § 1446(a) and Local Rule 1.06(b). 28 U.S.C. § 1446(a) requires the removing party to include "a copy of all process, pleadings, and orders served upon" Defendants alongside the notice of removal. 28 U.S.C. § 1446(a). And Local Rule 1.06(b) requires the removing party to "file with the notice of removal a legible copy of each paper docketed in the state court." Local Rule 1.06(b). Upon review of the state court docket (Doc. 11-2; State Court Docket) and documents (Doc. 11-3; State Court Documents), it appears that Defendants attached all "paper[s] docketed in the state court[]" to the Notice. See Local Rule 1.06(b). Even if the exhibits that Cahill identified in her Notice of Filing (Doc. 11-1; Notice of Filing) and provided to the state court via thumb drive are missing—as Defendants suggest, see Response at 3—these exhibits were not docketed in the state court. See generally State Court Docket. And neither party

---

[3] The Court notes that, although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects[]"). Additionally, the Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

has suggested that Cahill served the exhibits upon Defendants. See generally Motion; Response. Accordingly, Local Rule 1.06(b) and 28 U.S.C. § 1446(a) did not require Defendants to provide them.[4] Therefore, the Court concludes that Defendants complied with Local Rule 1.06(b) and 28 U.S.C. § 1446(a). If Cahill believes that any other documents are missing, she should specifically identify them.

Finally, the Court reminds Cahill that, to the extent she argues that there are exhibits "supporting the state-law nature of [her] claims[,]" Motion at 6, the Court must apply the well-pleaded complaint rule, Gully, 299 U.S. at 113. Because Cahill explicitly says that she is bringing four federal claims on the face of her Complaint, see Complaint at 6, 8–9, the Court has federal question jurisdiction, Gully, 299 U.S. at 113. No exhibit of Cahill's can change what she

---

[4] The Court also notes that it appears that the missing exhibits have been filed on the Court's docket. In the Notice of Filing, Cahill says that her flash drive contains twenty-four exhibits, including photos and videos documenting the incidents she alleges occurred. See Notice of Filing at 3–4. Cahill attaches to Plaintiff's Motion for Leave to Amend Complaint Pursuant to Federal Rule of Civil Procedure 15(a)(2) (Rule(s)) (Doc. 23; Second Motion for Leave to Amend), filed January 27, 2026, twenty-four exhibits that match her description of the flash drive exhibits in the Notice of Filing. See generally Doc. 23-1–Doc. 23-24. If these are the same exhibits as the ones on the flash drive, the Court has received them.

alleges in the Complaint. Thus, for all these reasons, remand is unwarranted,[5]

and Cahill's Motion[6] is due to be denied.[7]

Accordingly, it is

**ORDERED:** Plaintiff's Motion to Remand to State Court (Doc. 11) is

**DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida, on February 6, 2026.

MARCIA MORALES HOWARD
United States District Judge

lc36

Copies to:
Counsel of Record
Pro Se Party

---

[5] Because remand is not warranted, Cahill is not entitled to the costs and fees for improper removal that she requests. See 28 U.S.C. § 1447(c); Motion at 6.

[6] In the Response, Defendants note that, although Cahill states in her Local Rule 3.01(g) certification that she attempted to confer with Defendants and they did not respond, see Doc. 11-5, "none of [Cahill's] emails specifically addressed the City's position on the Motion[,]" see Response at 4 n.2. The Court reminds Cahill that, before filing any future motions, except for motions for Rule 11 sanctions, injunctive relief, and judgment on the pleadings, Local Rule 3.01(g) requires her to meaningfully confer with the applicable defendant's counsel. See Local Rule 3.01(g)(1).

[7] The Court takes this opportunity to remind Cahill that, even as a pro se litigant, she is still subject to the requirements of Rule 11. Rule 11 authorizes the imposition of sanctions on a litigant if she files a pleading, written motion, or other paper for "any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation[.]" See Rule 11(b)(1), (c)(1). In addition, to avoid Rule 11 sanctions, a litigant's claims, defenses, and other legal contentions must be, to the best of the person's knowledge, information, and belief, "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]" See Rule 11(b)(2). In the Motion, Cahill makes legal arguments that plainly contradict the allegations she presents in the Complaint. Compare Complaint at 6–9 with Motion at 4–5. The Court cautions Cahill that that the filing of any future motions without a good faith basis in law and fact to seek such relief may result in the imposition of sanctions.

- 9 -