United States District Court
Middle District of Florida
Jacksonville Division

**DEBORAH CAHILL,**

***Plaintiff,***

**v.** **NO. 3:25-cv-1494-MMH-PDB**

**CITY OF JACKSONVILLE ETC.,**

***Defendants.***

---

# Report and Recommendation*

This action concerns real property in Jacksonville, Florida. Doc. 5. The plaintiff, proceeding without a lawyer, moves to dismiss the action with prejudice and supplement the parties' settlement agreement. Doc. 40. The undersigned recommends granting her request for dismissal and denying her request to supplement.

## Background

The plaintiff initiated this action in state court, suing the City of Jacksonville, the Jacksonville Sheriff's Office, and city officials for alleged violations of the United States Constitution, the Florida Constitution, and Florida common law. Doc. 5. The city removed the action to this court. Doc. 1.

The plaintiff moved to remand the action to state court. Doc. 11. The defendants moved to dismiss the complaint as a shotgun pleading and under

*Citations to page numbers are to page numbers generated by CM/ECF.

Rule 12(b)(6), Federal Rules of Civil Procedure, for failure to state a claim upon which relief may be granted. Doc. 13. The court denied the plaintiff's motion to remand. Doc. 28.

On March 6, 2026, with the parties' agreement, the undersigned conducted a settlement conference. *See* Doc. 35. The parties appeared in good faith, worked hard and professionally to reach a settlement, and confirmed the material terms of the settlement in open court. *See* Doc. 35.

The court administratively closed the case and gave the parties until May 8, 2026, to file a joint stipulation of dismissal or other appropriate document to close out the file. Doc. 36. The plaintiff's motion to dismiss the action and supplement the settlement agreement followed. Doc. 40.

## The Settlement Agreement

The parties' settlement agreement contains these recitals and terms:

> **WHEREAS**, the Plaintiff filed this suit against the Defendants in state court in Jacksonville, Florida, Case No.: 16-2025-CA-005521; and;
>
> **WHEREAS**, the Defendant removed the case to federal court and there is now pending with the United State[s] District Court, Middle District of Florida, Jacksonville Division an action against Defendants, Case No.: 3:25-cv-1494-MMH-PDB (hereinafter the "Case"); and;
>
> **WHEREAS**, said Defendants are in good faith contesting the action; and
>
> **WHEREAS**, the City acknowledges it does not own the parcel described as:
>
>> Lot 8, Atlantic Boulevard Estates Section 8, as recorded in Plat Book 18, Pages 46 and 46A, of the current Public Records of Duval County, Florida.

Less and except the lands described in Official Records Book 862, Page 8, in Official Records Book 1065, Page 192, in Official Records Book 1581, Page 18, in Official Records Book 1776, Page 216, in Official Records Book 2400, Page 11 and in Official Records Book 2520, Page 1074, all of the Public Records of Duval County, Florida;

**WHEREAS**, the Plaintiff and Defendants (collectively referred to hereinafter as "the Parties") desire to compromise and settle said claims and actions, rather than to incur the expense and uncertainty of continued litigation of said action; and

**WHEREAS**, both parties recognize that by the execution of this settlement agreement, they are relinquishing their respective legal rights with reference to the herein mentioned disputes and differences.

1. Both parties agree that in consideration of the execution of this settlement agreement, and the added consideration of the payment of **$6,000.00 (Six Thousand Dollars)** by the Defendants to the Plaintiff within fourteen (14) days of the effective date of this Agreement, that the Plaintiff has acquitted, released, exonerated and discharged, and does hereby acquit, release, exonerate and discharge the Defendants, their successors, employers, legal representatives and assigns, of and from any and all obligation, liability or responsibility of, for, from, upon, under, on account of or growing or arising out of said claims as set forth in Case No.: 3:25-cv-1494-MMH-PDB, now existing or hereinafter arising, known, or unknown or hereinafter becoming known, accrued or hereafter accruing, resulting directly or indirectly, proximately or remotely, from all or any of the matters and things embraced in same claims.

2. Payment shall be delivered to Deborah Porter Cahill, 564 Bee Bee Drive, Jacksonville, Florida, 32225.

3. Plaintiff shall file a Notice of Dismissal with Prejudice in this action and the original state court action, 25-CA-005521, within twenty days of the effective date of this Agreement.

4. Defendant, Jacksonville Sheriff's Office, shall file Notices of Dismissal with Prejudice in cases 25-IN-005201, 25-IN-005197, 25-MO-004937, 25-IN-001838, and 25-IN-001776.

5. Defendant will share the terms of this settlement agreement with the Planning and Development Division of the City of Jacksonville and JSO so that they are aware of the ownership of the parcel described above and can act consistent with that ownership.

6. Each party shall be responsible for its own attorney's fees and costs.

7. As further consideration herein, each party also releases and forever discharges the other party, its officers, employees and agents from all liability and claims whatsoever involving the claims described above. The hereinabove recited consideration is the full, complete and entire consideration for this release, and there is no agreement, oral or written, express or implied, whereby either party is to receive at any time or in any event or upon the happening of any contingency or upon the development or discovery of any fact, circumstance or condition any further consideration of any kind whatsoever from the abovenamed releasee for or on account of any other matter, circumstance or thing whatsoever.

8. The Parties warrant and represent to one another that each has the full power and authority to enter into this Agreement and perform in accordance with its provisions, and that the representative(s) executing this Agreement are duly authorized to execute and deliver this Agreement on behalf of the parties they represent.

9. Governing Law and Venue: This Agreement shall be governed by and construed in accordance with the laws of Florida and the United States, and venue for any action to enforce its terms shall be in the United States District Court for the Middle District of Florida.

10. Effective Date of Agreement: This Agreement is effective upon the signature of the last party to the Agreement.

Doc. 46-1.

The plaintiff and the city's representative signed the agreement on the day of the settlement conference, and Sheriff T.K. Waters signed the agreement four days later. *See* Doc. 46-1 at 6.

**<u>Motion and Response</u>**

In the current motion, titled "Motion of Dismissal with Prejudice and Mutual Stipulation Settlement Agreement Request," the plaintiff asks the court to supplement the settlement agreement with a "Joint Stipulation Regarding Property Ownership, Easement Rights, and Related Facts." Doc. 40; *see* Doc. 39 (joint stipulation). She states that the proposed joint stipulation "recites non-confidential facts agreed upon in the settlement process, including property ownership …, [the city]'s disclaimer of interest, the appurtenant easements in [a deed], maintenance history, inheritance under Florida law, and potential future issues." Doc. 40 at 3–4. She claims that the purported confidential nature of the settlement agreement prevents her from using facts in the agreement to resolve pending state-court actions. Doc. 40 at 2–3. She contends that "[w]ithout a non-confidential stipulation," she "faces potential relitigating of these settled facts, undue hardship in proving inheritance and easement rights, and continued denial of homestead exemptions by [the city] (resulting in overpayment of property taxes from 2017 to present)." Doc. 40 at 3.

The proposed joint stipulation provides, in full:

> The parties to the above-captioned action, having entered into a confidential Settlement Agreement dated March 6, 2026, and desiring to stipulate to certain non-confidential facts for purposes of providing clarity and record regarding property ownership, easement rights, and related matters (which may be used in other proceedings

without breaching the confidentiality of the Settlement Agreement), hereby stipulate and agree as follows:

1. **Property Description and Ownership:** The property at issue is located at or adjoining Bee Bee Drive in Jacksonville, Florida, within Atlantic Blvd Estates, Section 8, as recorded in Plat Book 18, Pages 46 and 46A. Bee Bee Drive is not a public street, right-of-way (ROW), or city-owned property. It is private property currently owned by the Al Schneider Trust, dated 1957, with Al Schneider having acquired the property from Emil Weise on September 13, 1957 (Official Records Vol. 357, Page 156). Al Schneider passed away on May 26, 2012, and there are no records indicating the trust was terminated or revised to reflect subsequent transfers, including the quitclaim deed to the Florida Department of Transportation (FDOT) dated September 22, 1986 (Official Records Book 6198, Pages 2250–2251), which did not include the parcels known as Bee Bee Drive North (approximately 200 x 100 feet north of Cathy Road, in Section 12, Lots 1 and 2) or Bee Bee Drive South (approximately 175 x 60 feet south of Cathy Road, in Section 8, Lot 8).

2. **City of Jacksonville's Position:** The City of Jacksonville (COJ) does not own, claim ownership of, or maintain the easement or property adjoining the frontage of the Neeley Property (now held by Plaintiff Deborah Porter Cahill as heir). COJ acknowledges that it has no interest in this property and that it is not a COJ street, ROW, or public thoroughfare. COJ is not currently assessing or billing property taxes on this easement, as it remains titled to the Al Schneider Trust.

3. **Appurtenant Easements in the Neeley Deed:** The fee simple deed to Margie Neeley, dated July 1, 1966 (Official Records Vol. 2614, Page 941), conveyed from Barret Gehr (who acquired from Al Schneider, Official Records Vol. 1581, Page 18), includes two appurtenant easements and is "subject to covenants and easements of record," together with "all the tenements, hereditaments and appurtenances thereto belonging or in any wise appertaining." These easements are appurtenant to the Neeley Property (75 feet frontage) and run with the land. One easement (adjoining the 100-foot side of the Neeley Property, the northerly 30 x 450 feet of Lot 8) was used for ingress, egress, and other purposes but was partially acquired by FDOT in 1986, with a release by the title holder. There is no record of Margie Neeley relinquishing her easement rights to FDOT, and evidence suggests FDOT granted an additional 5 feet to the Neeley

Property, as reflected in prior tax assessments (later corrected by COJ to 75 feet without investigation). The second easement (60 x 75 feet adjoining the frontage) remains intact, granted by Al Schneider as grantor, and is for ingress, egress, parking, mail delivery, garbage collection, and access by other property owners under Florida Statutes Chapter 704 (statutory ways of necessity, providing easements for landlocked properties). The grantor (servient estate owner) maintains the easement, as specified in the 1966 deed.

4. **Maintenance and Use History:** The easement adjoining the frontage has been maintained by the Neeley Family since 1966 until Margie Neeley's death in 2012, and thereafter by her heir, Deborah Porter Cahill, from 2012 to the present, including filling, grading, flood mitigation, mowing, and cultivation from 2016 onward. This maintenance exceeds the 7-year statute of limitations for adverse possession under Florida law, and a notice of adverse possession was filed by Deborah Cahill in 2023. No property taxes were due or charged on the easement during this period. The easement continues to serve as access for otherwise landlocked properties under FS 704.01(2), and its use does not constitute trespass when orderly and proper.

5. **Inheritance and Homestead Status:** Margie Neeley passed away intestate in 2012. Under Florida Statutes Chapter 732, Section 401 (2025), homestead property inures to heirs at the time of death and does not devise to an "estate." There has never been a "Margie Neeley Estate," and no probate action exists in Duval County, Florida. Deborah Porter Cahill is the heir to the homestead property, which descended per stirpes to lineal descendants absent a spouse or minor children. A Petition to Determine Homestead Status is pending in Duval County Circuit Court, Case No. 16-2022-CP-000879-XXXX-MA, filed March 20, 2022, under Chapter 733. COJ changed property records to "Estate of Margie Neeley c/o Deborah Cahill" without court order or authorization, denying homestead exemptions (regular and senior) from 2017 to present, requiring payment of full property taxes for 11 years. This property was excepted from current ordinances requiring 80-foot lot widths, as it predates the consolidation of Jacksonville with Duval County.

6. **Related Litigation and Precedent:** Related cases include: (a) Josephsen v. Cahill, Case No. 16-2018-CA-001197 (filed February 23, 2018, alleging trespass on the easement; amended August 1, 2018, to include the "Margie Neeley Estate" and heirs;

currently open with 362 docket entries); (b) Case No. 16-2022-SC-005593-XXXX-MA (ruling on easement dispute); (c) Case No. 16-2024-IN-005507-AXXX-MA and Appeal 5D2024-2689 (involving ordinance issues). A 1998 letter from COJ indicated plans for drainage improvements and acquisition, but no action was taken. Objections in the homestead petition (filed May 9, 2022, and June 7, 2022) by third parties are untimely under the 2-year claims period. The homestead case was stayed January 5, 2024, pending resolution of the 2018 case.

7. **FDOT Acquisitions and Surveys:** FDOT acquired portions of properties in 1986 via quitclaim deeds without surveys, leading to inconsistencies (e.g., 528 Bee Bee Drive deed not updated). FDOT surveys exist but require professional interpretation. Original section corners in Lot 8, Section 8, were obliterated by FDOT construction, complicating resurveys. Florida Department of Agriculture is statutorily required to restore obliterated corners, but enforcement is limited.

8. **Potential Future Issues:** This stipulation acknowledges that changes in ownership (e.g., COJ acquisition via abandonment, taxes, or dissolution of the Schneider Trust) do not extinguish the appurtenant easement, which runs with the land. If COJ acquires the easement, maintenance obligations remain, and Plaintiff retains rights to maintain without interference to preserve property value. Plaintiff has invested over $1,100 in fill and grading since 2016 to mitigate flooding, but interference by neighbors (e.g, digging, banking) has caused recurrence. Issues include potential septic drain field encroachment from 565 Bee Bee Drive and historical flooding/washouts (e.g., oak tree uprooted during Hurricane Matthew, removed solely by Plaintiff). COJ and JEA declined assistance.

9. **Homestead Exemptions and Recent Legislation:** Plaintiff qualifies for homestead exemptions under Article X, Section 4 of the Florida Constitution, including up to $25,000 base exemption, additional $25,000 for non-school levies on valuations $50,000–$75,000, and senior exemptions for those over 65 with income limits. Recent laws (e.g., HB 7073, effective July 1, 2024) require prompt notification of ownership changes and allow appeals for denied exemptions due to appraiser errors. Governor DeSantis proposes phasing out property taxes for permanent residents, particularly elderly homeowners, on the November 2026 ballot.

> 10. **Purpose of Stipulation:** This stipulation provides written proof of the above facts, independent of the confidential Settlement Agreement, for use in pending cases or future disputes. It does not modify the Settlement Agreement but clarifies non-confidential matters to prevent relitigation.

Doc. 39.

The defendants partially oppose the motion. Doc. 42. For dismissal, they observe that the plaintiff titles her motion as "Plaintiff's Motion of Dismissal with Prejudice," *see* Doc. 40, but fails to request dismissal within the motion. Doc. 42 at 2.[*] Nonetheless, they have no objection to the granting of a voluntary dismissal with prejudice, as is required under the settlement agreement. Doc. 42 at 2. For the supplement, because the parties have already agreed to the terms of the settlement, they oppose any supplement and decline to agree to any additional terms. Doc. 42 at 1.

Approximately two months after moving for dismissal and to supplement, the plaintiff filed this notice:

> Plaintiff, DEBORAH PORTER CAHILL, hereby notices the court and Defendant, JSO, has not signed the joint agreement. No representatives from the sheriff's office attended the joint settlement conference. The Attorneys stipulated they would get a signature from JSO, on the agreement and provide a copy to the defendant [sic] "in a few days". To date, no signed agreement has been provided to the plaintiff. This case should not be closed until a signed agreement

[*]The defendants assert that if the court construes the motion as a notice of voluntary dismissal, Rule 41(a)(1)(A)(ii), Federal Rules of Civil Procedure, requires a stipulation of dismissal signed by all parties who have appeared. Doc. 42 at 2. Contrary to their assertion, the rule requires no such stipulation under the circumstances presented here. The defendants moved to dismiss the action under Rule 12(b). *See* Doc. 13. Because they filed neither an answer nor a motion for summary judgment, the plaintiff may file a notice of dismissal without a stipulation signed by all parties who have appeared. *See* Fed. R. Civ. P. 41(a)(1)(A)(i). In any event, the court can consider the plaintiff's motion regardless of whether it was necessary.

> with all signatures is provided to the plaintiff, who also requests a certified copy [o]f said agreement.

Doc. 44.

The undersigned ordered the defendants to respond to the notice and explain whether they have provided the plaintiff with a signed copy of the settlement agreement. Doc. 45. The defendants explain that Sheriff Waters signed the settlement agreement on March 10, 2026, and that they provided the plaintiff a copy of the fully executed settlement agreement on April 7, 2026, and again on May 25, 2026. Doc. 46; *see* Doc. 46-1 (fully executed settlement agreement).

**<u>Law and Analysis</u>**

A court must construe a "filing" drafted by an unrepresented litigant liberally, *In re Ellingsworth Residential Cmty. Ass'n, Inc.*, 125 F.4th 1365, 1377 (11th Cir. 2025), and hold the filing to a less stringent standard than one drafted by a lawyer, *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020).

The court must construe the plaintiff's motion liberally because she proceeds without a lawyer. Considering the parties' inclusion of the plaintiff's dismissal of the action with prejudice as a term of the settlement, *see* Doc. 46-1 at 4, construing the motion as a motion to dismiss with prejudice, despite only the title requesting that relief, is warranted.

A district court may enforce a settlement agreement if a party refuses to comply with it before the case is dismissed. *Kent v. Baker*, 815 F.2d 1395, 1398–1400 (11th Cir. 1987). State contract law governs its construction and enforcement. *Wong v. Bailey*, 752 F.2d 619, 621 (11th Cir. 1985). Under Florida

law, "when the parties to a contract have indicated their intention as to the law which is to govern, it will be governed by such law in accordance with the intent of the parties." *Tribeca Asset Mgmt., Inc. v. Ancla Int'l, S.A.*, 336 So. 3d 246, 248 (Fla. 2022) (quoted authority omitted). Here, the parties agreed that the settlement agreement is "governed by and construed in accordance with the laws of Florida and the United States." Doc. 46-1 at 6.

Under Florida law, a contract is created by an offer, acceptance, consideration, and specification of essential terms. *St. Joe Corp. v. McIver*, 875 So. 2d 375, 381 (Fla. 2004). "The making of a contract depends not on the agreement of two minds in one intention, but on the agreement of two sets of external signs—not on the parties having meant the same thing but on their having said the same thing." *Blackhawk Heating & Plumbing Co. v. Data Lease Fin. Corp.*, 302 So. 2d 404, 407 (Fla. 1974) (quotations omitted).

Both Florida law and federal law favor the enforcement of settlement agreements to conserve judicial resources. *Cia Anon Venezolana De Navegacion v. Harris*, 374 F.2d 33, 35 (5th Cir. 1967); *Robbie v. City of Miami*, 469 So. 2d 1384, 1385 (Fla. 1985). In an order enforcing a settlement agreement, a court must mirror the agreement and may not include any term or condition not included in the agreement. *Spiegel v. H. Allen Holmes, Inc.*, 834 So. 2d 295, 297 (Fla. 4th DCA 2002). A court has no authority to "rewrite a contract of the parties." *Home Dev. Co. of St. Petersburg v. Bursani*, 178 So. 2d 113, 114 (Fla. 1965); *see also Ernie Haire Ford, Inc. v. Ford Motor Co.*, 260 F.3d 1285, 1290 (11th Cir. 2001) ("[W]hen the terms of a voluntary contract are clear and unambiguous, the contracting parties are bound by those terms, and a court is powerless to rewrite the contract to make it more reasonable or advantageous for one of the contracting parties." (alteration and quoted

authority omitted)); *accord Affordable Hous. Grp., Inc. v. Fla. Hous. Affordability, Inc.*, 159 F.4th 860, 867 (11th Cir. 2025) (explaining that a court interprets contractual agreements and is "powerless to amend them").

Rule 41(a), Federal Rules of Civil Procedure, governs the voluntary dismissal of actions:

> (1) *By the Plaintiff.*
>
> (A) *Without a Court Order.* Subject to [rules pertaining to class actions, derivative actions, and actions involving receivers] and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>
> (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
>
> (ii) a stipulation of dismissal signed by all parties who have appeared.
>
> (B) *Effect.* Unless the notice or stipulation states otherwise, the dismissal is without prejudice. ….
>
> (2) *By Court Order; Effect.* Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. … Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a).

Dismissal with prejudice is warranted. As part of the settlement, the parties agreed to the dismissal of the action with prejudice and the plaintiff's filing of a notice of dismissal with prejudice within twenty days of the effective date of the agreement. Doc. 46-1 at 4. The agreement became effective on March 10, 2026, upon Sheriff Waters's signature. *See* Doc. 46-1 at ¶ 10 & p. 5. The plaintiff moved to dismiss ten days later. Doc. 40. The parties are bound by the settlement agreement, and the plaintiff makes no contention otherwise.

The undersigned therefore recommends granting the plaintiff's motion to the extent that the action should be dismissed with prejudice, as the parties agreed in the settlement.

The plaintiff provides no authority authorizing the court to supplement the settlement agreement. She relies on Rule 15(d), Federal Rules of Civil Procedure, which governs supplemental pleadings:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d). A "pleading" is a complaint, an answer to a complaint, an answer to a counterclaim, an answer to a crossclaim, a third-party complaint, an answer to a third-party complaint, or a reply to an answer. Fed. R. Civ. P. 7(a). Because a settlement agreement is not a pleading, the plaintiff's reliance on Rule 15(d) is misplaced.

Alternatively, the plaintiff relies on the court's "inherent authority to manage settlements and enter stipulations," Doc. 40 at 1, asserting that the court "may enter the stipulation as an order under its settlement oversight authority," Doc. 40 at 4 (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994) ("allowing retention of jurisdiction over settlements")). Neither the court's inherent authority nor *Kokkonen* permits the court to supplement the settlement agreement; the court's role is to enforce agreements, not make, supplement, or negotiate them. The undersigned recommends denying the plaintiff's motion, Doc. 40, to the extent she requests to supplement the settlement agreement.

Because the defendants have provided the plaintiff with a copy of the fully executed settlement agreement, *see* Doc. 46-1, the court need not take action on the plaintiff's notice, Doc. 44.

## Recommendation

The undersigned recommends:

(1) **granting in part** the plaintiff's motion, Doc. 40, to the extent that she requests dismissal with prejudice;

(2) **denying in part** the plaintiff's motion, Doc. 40, to the extent that she requests to supplement the parties' settlement agreement; and

(3) **dismissing** the action with prejudice.

## Objection and Response

"Within 14 days after being served with a copy of [a] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). An objection must not exceed 10 pages. Local Rule 3.01(b). "A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). A response must not exceed 10 pages. Local Rule 3.01(c). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C) ("A [district judge] shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). "A party failing to object to … findings or recommendations … in a report and

recommendation … waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions[.]" 11th Cir. R. 3-1.

Any objection to this report and recommendation must be served and filed by September 28, 2026.

**Entered** in Jacksonville, Florida, on September 14, 2026.

Patricia D. Barksdale
*United States Magistrate Judge*

Copies to:

The Honorable Marcia Morales Howard

Deborah Cahill
564 Bee Bee Drive
Jacksonville, FL 32225